IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FRANCISCO JAVIER ROLO-GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>JEAN CARLOS SANTIAGO-PEREZ, et al,<br><br>Defendants. | CIVIL NO. 22-1296 (CVR) |

**OPINION AND ORDER**

**BACKGROUND**

This diversity case arises from an alleged breach of contract claim presented by Francisco Javier Rolo González ("Plaintiff" or "Rolo") against Jean Carlos Santiago Pérez, known artistically as "Guaynaa" ("Santiago"), and Guaynaa Entertainment LLC ("GE") (collectively, "Defendants").

According to Plaintiff's Complaint, on March 23, 2021, Plaintiff entered into a professional services agreement with Defendant, titled "Lease Agreement for the Professional Services of Business Development Consultant" (the "agreement"), whereby Plaintiff would provide Defendants with "business development and operational consulting services," in exchange for payment. (Docket No. 49-3 at p. 1). Payment constituted an eight thousand-dollar ($8,000.00) monthly payment, plus a fifteen percent (15%) commission fee. Id. at p. 2. The agreement would be in effect for three (3) months but would be subject to two (2) automatic renewals of three (3) months each, unless either party chose to terminate according to the terms of the agreement. Id. at pp. 4-5.

Throughout the life of the agreement, Plaintiff noticed Defendants took longer between projects to pay him back. By the end of the agreement,[1] Plaintiff alleges Defendants still owed him payment for over seventeen (17) projects, resulting in arrears amounting to approximately two hundred and fifty thousand dollars ($250,000.00). Despite Plaintiff's repeated attempts to collect, he alleges that Defendants consistently presented "false pretext[s] or lame excuses" to delay or avoid payment altogether.

This led Plaintiff to file the present lawsuit on June 21, 2022, which he subsequently amended on January 19, 2023, claiming breach of contract and contractual deceit ("dolo", in Spanish).[2] (Docket No. 21). On February 3, 2023, Defendants answered the Complaint, and GE presented a Counterclaim against Plaintiff, stating that Plaintiff was overbilling GE, that he was either underpaying or not paying suppliers for whom GE had issued reimbursements, and that he was invoicing GE for services never provided. (Docket No. 22). On February 13, 2023, Plaintiff answered the Counterclaim. (Docket No. 23).

Before the Court now is Defendants' "Motion for Partial for Summary Judgment and Memorandum of Law in Support" ("Motion for Summary Judgment"), requesting that the Court dismiss all of Plaintiff's claims, Plaintiff's opposition thereto, and Defendants' corresponding reply. (Docket Nos. 49, 54, and 69).

For the reasons stated below, Defendants' Motion for Partial Summary Judgment is DENIED.

---

[1] The parties differ as to the date the agreement was terminated. Plaintiff alleges the parties mutually agreed to terminate the agreement on February 10, 2022, whereas Defendants state the contract ended by its own terms on December 23, 2021. (Docket No. 21 at p. 5, ¶ 19 and Docket No. 22 at p. 5, ¶ 19).
[2] Docket No. 1.

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 56, "[a] party may move for summary judgment, identifying each claim or defense -or that part of each claim or defense- on which summary judgment is sought." Fed. R. Civ. P. 56(a). Summary judgment should only be considered by the Court when the moving party proves two (2) things: (1) that "there is no genuine issue of material fact" and (2) that it is "entitled to judgment as a matter of law." Tolan v. Cotton, 572 U.S. 650, 656-57, 134 S.Ct. 1861, 1866 (2014); Fed. R. Civ. P. 56.

Although the Court must view the record in the light most favorable to the nonmoving party and "draw[] all reasonable inferences in [their] favor, Taite v. Bridgewater State Univ., Bd. of Tr., 999 F.3d 86, 92 (1st Cir. 2021) (citing Gerald v. Univ. of P.R., 707 F.3d 7, 16 (1st Cir. 2013)), the nonmoving party must still prove material issues of fact exist that defeat summary judgment. See Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52-53 (1st Cir. 2000) ("[T]he nonmoving party 'may not rest upon the mere allegations or denials of [the] pleadings but must set forth specific facts showing that there is a genuine issue' of material fact as to each issue upon which he or she would bear the ultimate burden of proof at trial.") (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S.Ct. 2505, 2514 (1986).[3]

The Court must then "determine whether a trial-worthy issue exists" by "look[ing] to all of the record materials on file, including the pleadings, deposition, and affidavits." Ahmed v. Johnson, 752 F.3d 490, 495 (1st Cir. 2014) (citing Fed. R. Civ. P. 56(c)(1)(A);

---

[3] See also Nieves-Romero v. United States, 715 F.3d 375, 378 (1st Cir. 2013) ("'[C]onclusory allegations, empty rhetoric, unsupported speculation, or evidence which, in the aggregate, is less significantly probative' will not suffice to ward off a properly supported summary judgment motion.") (citing Rogan v. City of Boston, 267 F.3d 24, 27 (1st Cir. 2001)).

Johnson v. Univ. of P.R., 714 F.3d 48, 52 (1st Cir. 2013)). See also López-Hernández v. Terumo Puerto Rico, LLC, 64 F.4th 22, 28 (1st Cir. 2023) ("At summary judgment, 'the judge's function is not himself [or herself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'") (citing Anderson, 477 U.S. at 249, 106 S.Ct. 2511); Thierault v. Genesis HealthCare, LLC, 890 F.3d 342, 348 (1st Cir. 2018) ("'The role of summary judgment is to pierce the pleadings' and probe the proof to ascertain whether a need for trial exists.") (citing Kearney v. Town of Wareham, 316 F.3d 18, 21 (1st Cir. 2001)). Thus, "summary judgment must be decided on the record as it stands, not on litigants' visions of what the facts might someday reveal." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994). This notwithstanding, the First Circuit has previously held that "a party's own affidavit, containing relevant information of which he has first-hand knowledge, may be self-serving, but it is nonetheless competent to support or defeat summary judgment." Velázquez-García v. Horizon Lines of Puerto Rico, Inc., 473 F.3d 11, 18 (1st Cir. 2007). Therefore, summary judgment will not proceed if the Court deems the evidence "sufficiently open-minded [sic] to permit a rational fact finder to resolve the issue in favor of either side." Ahmed, 752 F.3d at 495 (citing Gerald, 707 F.3d at 16).

**UNCONTESTED FACTS**

Based on the parties' submissions, the Court finds the following facts to be uncontested:

1. Rolo works as a business consultant, providing advice to artists who wish to develop a business plan. (Docket No. 21 at ¶ 3).

Case 3:22-cv-01296-CVR   Document 70   Filed 12/04/24   Page 5 of 11

Francisco Javier Rolo-González v. Jean Carlos Santiago-Pérez, et al
Opinion and Order
Civil No. 22-1296 (CVR)
Page 5
_____

2. Santiago is a young music singer, artistically known under the stage name Guaynaa, and president of GE. (Docket No. 22 at ¶¶ 1 and 4).

3. GE is the company in charge of representing and managing Santiago. Though GE does not book events or produce concerts for Santiago, it does represent him in the agreements booked by third parties. (Docket No. 22 at ¶¶ 1 and 3).

4. On March 25, 2021, Plaintiff and Defendants entered into a contract titled the "Lease Agreement for the Professional Si ervices of Business Development Consultant," where upon Plaintiff would provide a plethora or services, including consulting and booking services, in exchange for monthly compensation and a percentage of commission. (Docket No. 49-3).

5. Per the agreement, the Plaintiff is named as the Independent Contractor, and codefendant GE is named as the Company. Id.

6. Exhibit A to the agreement specifies the professional services Plaintiff agreed to perform. Id. at pp. 9-10.

7. Amongst the duties Plaintiff accepted as part and parcel of the agreement was to "[p]lan and design the musical and artistic production process in time, space, and actions." Id.

8. As it pertains to intellectual property, the parties agreed that "[a]ny intellectual works made or created by the Independent Contractor, for the provision of Services to the Company, shall be the property of the Company." Furthermore, "[t]he Independent Contractor shall not seek to retain exclusive copyright or attempt to claim exclusive copyright for any material originating from the Services provided to the Company." Id. at § 15.

Case 3:22-cv-01296-CVR   Document 70   Filed 12/04/24   Page 6 of 11

Francisco Javier Rolo-González v. Jean Carlos Santiago-Pérez, et al
Opinion and Order
Civil No. 22-1296 (CVR)
Page 6
_____

9. The agreement provides for an eight thousand dollar ($8,000) monthly fee for the duties itemized in Exhibit A to the agreement, plus a success fee of fifteen percent (15%) "[u]pon the signing and collection of opportunities and agreements, based on promotional type agreements, exchanges, sponsorships and participations from a client of the Company" payable upon presentation of an invoice. Id. at p. 2, § 2.

10. Payment would be made "within one month after an invoice is submitted by the Independent Contractor to the Company and is approved for payment." Id.

11. The agreement also specifies the information the invoice must contain. Id. at p. 2(a).

## LEGAL ANALYSIS[4]

### A. Contract Law.

Puerto Rico law defines a contract as "a bilateral legal transaction by which two or more parties' consent as required by law, to create, regulate, modify, or terminate obligations." P.R. Laws Ann. tit. 31, § 9751 (2020) (court translation). Moreover, "[a] contract is perfected from the moment the parties manifest their consent over the object and cause of the contract, except for those cases in which fulfillment of a solemn formality is required or when the parties agree to a suspensive condition." P.R. Laws Ann. tit. 31, § 9771 (2020) (court translation); see also Yacht Caribe Corp. v. Carver Yacht LLC, 270 F.Supp.3d 547, 555 (D.P.R. 2017) ("A valid contract under Puerto Rico law must have three elements: "(1) consent of the contracting parties; (2) a definite object which may be

---

[4] Most of the caselaw regarding contract law is based on the Puerto Rico Civil Code of 1930, which was repealed by the Puerto Rico Civil Code of 2020. However, because "the jurisprudence regarding … contract formation has not significantly changed with the passage of the new code," it is still relevant and applicable to the case at bar. Dorado Gardens LLC v. Efron, Civil No. 22-1402 (GMM), 2024 WL 531272, at *12 (D.P.R. Feb. 9, 2024).

Case 3:22-cv-01296-CVR   Document 70   Filed 12/04/24   Page 7 of 11

Francisco Javier Rolo-González v. Jean Carlos Santiago-Pérez, et al
Opinion and Order
Civil No. 22-1296 (CVR)
Page 7
_____

the subject of contract; and (3) cause for the obligation that is being established.") (citing P.R. Laws Ann. tit. 31, §3391 (1930) (repealed by Puerto Rico Civil Code of 2020)).

Once a valid contract is established, if its terms "are clear and leave no doubt as to the parties' intentions, they will be interpreted according to the literal meaning of their words." P.R. Laws Ann. tit. 31, § 6342(b) (2020) (court translation). Furthermore, "if the words seem contrary to the evident intent of the parties, the parties' intent shall prevail." Id. (court translation). Thus, a contract's terms, as agreed upon by the contracting parties, constitute the binding force or law between the parties. P.R. Laws Ann. tit. 31, § 9754; see also Vázquez-Borges v. Nupress of Miami, Inc., Civil No. 13-1717 (CVR), 2016 WL 1627612, at *5 (D.P.R. April 25, 2016) ("When the contract is perfected, the parties are bound by its terms and the consequences of the agreement; this now constitutes the law between the parties, and its terms must be complied with.") (P.R. Laws Ann. tit. 31, § 3375 (1930) (repealed by Puerto Rico Civil Code of 2020); Trinidad v. Chade, 153 D.P.R. 280 (2001)).

To this end, "[w]here a party fails to uphold or abide by the terms and conditions of a binding contract, his failure constitutes a breach of that contract." Burk v. Paulen, 100 F.Supp.3d 126, 133 (D.P.R. 2015) (citing Markel Am. Ins. Co. v. Diaz-Santiago, 674 F.3d 21, 31 (1st Cir. 2012)). For a breach of contract claim to succeed, the movant must prove three (3) elements, to wit: (1) the existence of "a valid contract; (2) a breach by one of the parties to the contract; and (3) resulting damages." Mega Media Holdings, Inc. v. Aerco Broad. Corp., 852 F.Supp.2d 189, 199-200 (D.P.R. 2012) (citing T.C. Invs., Corp. v. Becker, 733 F.Supp.2d 266, 278 (D.P.R. 2010)).

Case 3:22-cv-01296-CVR   Document 70   Filed 12/04/24   Page 8 of 11

Francisco Javier Rolo-González v. Jean Carlos Santiago-Pérez, et al
Opinion and Order
Civil No. 22-1296 (CVR)
Page 8
_____

The Court prefaces its analysis by pointing out that the documentary evidence Plaintiff provides for the record, which could otherwise be used to substantiate his claim, is almost entirely in the Spanish language,[5] thereby precluding the Court from taking its contents into account. Moreover, the few snippets that are in the English language– namely an amalgamation receipts, not invoices, for flights and hotels, and a table in an email otherwise written in the Spanish–[6] do not provide enough context to serve as corroboration for Plaintiff's claims. See Puerto Ricans for Puerto Rico Party v. Dalmau, 544 F.3d 58, 67 (1st Cir. 2008) ("Allowing the outcome of a case to turn on a non-English language document would be at odds with the premise of a unified and integrated federal courts system... .") (cleaned up); González-De-Blasino v. Family Dep't, 377 F.3d 81, 89 (1st Cir. 2004) ("The district court should not have considered any documents before it that were in the Spanish language."). This being the case, the Court cannot consider Plaintiff's exhibits, thereby leaving the Court to analyze the case based on the evidence provided by Defendants, *i.e.*, the agreement and Plaintiff's deposition. (Docket Nos. 49-3 and 49-4).

The parties in this case do not dispute the existence of a valid contract between them. (Docket No. 49 at p. 6 and Docket No. 54 at p. 4). Plaintiff, however, claims that Defendants breached said contract by failing to pay for various projects and services rendered by Plaintiff while the contract was in effect, resulting in economic damages.

---

[5] Plaintiff failed to provide translations for the Spanish-language documents filed with his opposition in a timely manner, despite ample time to do so. (Docket Nos. 62 and 63). Moreover, the translations that were ultimately provided by Plaintiff were done by a translator who does not meet the requirements outlined in Local Rule 5(c). (Docket No. 66 and 68). Thus, the Spanish-language documents will not be considered. (Docket No. 66 and 68); see also Loc. R. 5(c) ("All documents not in the English language which are presented of filed, whether as evidence or otherwise, must be accompanied by a certified translation into English... .").
[6] Docket No. 54-3 at pp. 3-10, 14-16 and Docket No. 59-3 at p. 1.

Case 3:22-cv-01296-CVR   Document 70   Filed 12/04/24   Page 9 of 11

Francisco Javier Rolo-González v. Jean Carlos Santiago-Pérez, et al
Opinion and Order
Civil No. 22-1296 (CVR)
Page 9
_____

Defendant, on the other hand, maintains that Plaintiff claims should fail as Plaintiff: (1) does not know the exact amount of money owed to him; (2) cannot identify the exact bookings from which he is allegedly owed money; and (3) he does not know the specific opportunities and agreements that he brought Santiago from which he is owed commissions. (Docket No. 49 at pp. 10-11). The Court disagrees.

For starters, the very fact that the termination date is contested, in and of itself creates a genuine issue of material fact that harbors against dismissal, as it raises the question of whether the alleged services Plaintiff claims he provided outside of the functions of the contract– he alleges he "prepared and created defendant's show which included plots, design, ryder, video content, lighting programming, among others"[7]– were done before or after its termination, a query neither party discusses in their arguments, and which the deposition sheds little light on.

Furthermore, despite being self-serving in nature, Plaintiff's deposition, which was provided by Defendants, offers details and specific facts rooted in Plaintiff's personal knowledge that must be taken as true by the Court. Velázquez-García, 473 F.3d at 18 ("[P]rovided that the nonmovant's deposition testimony sets forth specific facts, within his personal knowledge, that, if proven, would affect the outcome of the trial, the testimony must be accepted as true for purposes of summary judgment.") (cleaned up). For example, Plaintiff testifies that, though he was paid the monthly fees outlined in the terms of the agreement,[8] he is still owed approximately four hundred thousand dollars ($400,000.00) in services and commissions. (Docket No. 49-4 at p. 13, l. 1-25).

---

[7] Docket No. 54 at p.4.
[8] Docket No. 49-4 at p. 87, l. 15-25.

Case 3:22-cv-01296-CVR   Document 70   Filed 12/04/24   Page 10 of 11

Francisco Javier Rolo-González v. Jean Carlos Santiago-Pérez, et al
Opinion and Order
Civil No. 22-1296 (CVR)
Page 10
_____

As for the commissions, Plaintiff, prompted by defense counsel's questions, explained he is owed commissions from at least seven (7) different projects which he secured for Santiago while the agreement was in effect and which he states he was never paid for.[9] Id. at p. 118, l. 14 through p. 121, l. 24.  Though Plaintiff admits invoices were not sent in this respect before the agreement's termination, he explains it was due to the parties not having reached an agreement as to the amount owed in commissions until after the agreement ended,[10] which the Court already notes is itself a fact contested by the parties.  (Docket No. 21 at p. 5, ¶ 19 and Docket No. 22 at p. 5, ¶ 19).

What is more, though Defendants provide Plaintiff's deposition testimony to support their arguments regarding the amount owed, the fact remains that Plaintiff's testimony confirms he is indeed *owed* payment for commissions, as well as the existence of service fees pending payment for January and February of 2022.  These facts are not in any way contested by Defendants and the latter fact also ties directly into the issue regarding the agreement's termination date.

In sum, these facts coupled with Defendants' failure to controvert Plaintiff's deposition testimony, as well as the Court's obligation to view summary judgment in the light most favorable to the non-moving party, are enough, though just barely, to survive summary disposition.  It may well be that Plaintiff's case fails when presented to a jury further down the line, but at this juncture the Court finds issues of fact that prevent

---

[9] Plaintiff explains that Plaintiff's assistant, Natalie Moreno ("Ms. Moreno"), directly managed Defendants' account. (Docket No. 49-4 at p. 67, l. 22 through p. 68, 6).  Therefore, she would be the one to ask about the precise amounts allegedly owed to Plaintiff.  Id. at p. 124, l. 4-10.  According to Defense counsel, however, Ms. Moreno's deposition was scheduled for March 26, 2024, but neither she nor Plaintiff's counsel appeared for the deposition that day.  (Docket No. 67-1).  The parties also failed to reschedule the deposition for a later date, despite the Court's order to do so, if necessary.  Id.; (Docket No. 46).
[10] Id. at p. 93, l. 23 through p. 94, l. 2, 12-14

summary judgment.  Accordingly, Defendants' Partial Motion for Summary Judgment is DENIED.[11]

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Partial Summary Judgment (Docket No. 49) is DENIED.

A Settlement Conference will be set by separate order.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 4th day of December 2024.

                                          S/CAMILLE L. VELEZ-RIVE
                                          CAMILLE L. VELEZ-RIVE
                                          UNITED STATES DISTRICT JUDGE

---

[11] As a corollary to Plaintiff's breach of contract claim, he avers in the Amended Complaint that Defendants engaged in acts of contractual deceit to avoid payment for his services.  (Docket No. 21).  While Defendants mentioned the general breach of contract claim and contractual deceit or dolo and the applicable case law in their dispositive motion, they did not discuss this part of the complaint on the merits.  As such, there is no need for the Court to entertain the claim for contractual deceit or dolo at this juncture.