IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FRANCISCO JAVIER ROLO-GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>JEAN CARLOS SANTIAGO PEREZ, et al.,<br><br>Defendants. | CIVIL NO. 22-1296 (CVR) |

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiff Francisco Javier Rolo-González ("Plaintiff" or "Rolo") brought the present case alleging breach of contract and fraud or deceit ("dolo"), as well as damages against artist Jean Carlos Santiago Pérez ("Santiago", also known as "Guaynaa") and Guaynaa Entertainment, Inc. ("Guaynaa Entertainment", collectively "Defendants"). The Complaint alleged Defendants breached a contract signed between the parties whereby Plaintiff would provide consulting as well as development and promotion services for Defendants' business. Pursuant to the contractual terms, Defendants would pay Rolo a monthly flat fee, plus 15% of the net profit of any business, performance, or income generated by Defendants. Plaintiff averred that Defendants never paid him certain invoices and commissions. Defendants then counterclaimed raising claims for breach of contract, collection of monies and damages, averring Rolo overbilled Guaynaa Entertainment for expenses incurred and even billed for services he never performed.

A jury trial was held on July 7, 8, 10, and 11, 2025. At the close of Plaintiff's case in chief, Defendants presented a motion under Federal Rule of Civil Procedure 50 which

the Court granted in part and denied in part, dismissing the claims against Santiago personally and the case continued only against Guaynaa Entertainment. Then, Defendant Guaynaa Entertainment presented its case in chief as to its counterclaim. At the conclusion, Plaintiff presented a motion under Federal Rule of Civil Procedure 50 requesting the dismissal of the breach of contract claims which was denied by the Court. The jury then rendered a verdict in favor of Guaynaa Entertainment as to the counterclaim and awarded Eighty Thousand dollars ($80,000.00) in damages and Forty Thousand Dollars ($40,000.00) for additional indemnification.

Before the Court now is Plaintiff's "Motion for Judgment as a Matter of Law Under Federal Rule of Civil Procedure 50(b)" (Docket No. 114) and a "Motion for a New Trial" (Docket No. 115), as well as Defendants' combined Response thereto. (Docket No. 116).

For the reasons explained below, both motions filed by Plaintiff are DENIED.

## LEGAL ANALYSIS

**A. Motion for Judgment as a Matter of Law.**

Under Rule 50 of the Federal Rules of Civil Procedure, relief may be granted when "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed.R.Civ.P. 50 (a)(1); Monteagudo v. Asociación de Empleados del Estado Libre Asociado de Puerto Rico, Civil No. 03-2357, 2007 WL 2245944, at *1 (D.P.R. Aug. 2, 2007). In asking the Court set aside a verdict under Rule 50(b), the Court may only do so if it is "against the clear weight of the evidence such that upholding the verdict will result in a miscarriage of justice." Conway v. Electro Switch Corp., 825 F.2d 593, 599 (1st Cir. 1987). The Court may not set aside a verdict merely because it disagrees with the jury's ultimate findings or because it would have reached a

Case 3:22-cv-01296-CVR   Document 117   Filed 08/28/25   Page 3 of 10

Francisco Javier Rolo González v. Jean Carlos Santiago Pérez, et al.
Opinion and Order
Civil No. 22-1296 (CVR)
Page 3
_____

contrary result, but only where the evidence is not legally sufficient to conclude as the jury did. Tennant v. Peoria & P. U. Ry. Co., 321 U.S. 29, 35 (1944).

Whereas a Rule 50(a) motion is made at any time before the case is submitted to the jury, it has been well established that for a Rule 50(b) motion, a party must first preserve the challenge in order to guarantee post-verdict and appeal review. See Fed.R.Civ.P. 50(a)(2) and (b); Santos-Arrieta v. Hosp. del Maestro, 14 F.4th 1, 8 (1st Cir. 2021). Rule 50(a)(2) is clear in that it requires that a party first file a motion for judgment as a matter of law "any time before the case is submitted to the jury." Fed.R.Civ.P. 50(a)(2). If the Court does not grant that motion, the party may file a renewed motion under Rule 50(b) after the verdict. A proper Rule 50(a) motion is a prerequisite to a proper Rule 50(b) motion, and the latter cannot be used to introduce a legal theory not distinctly articulated in the former. Santos-Arrieta, 14 F.4th at 8; Costa-Ureña v. Segarra, 590 F.3d 18, 26, n. 4 (1st Cir. 2009) (arguments not made in a motion under Rule 50(a) cannot be advanced in a renewed motion under Rule 50(b)); Correa v. Hosp. San Francisco, 69 F.3d 1184, 1196 (1st Cir. 1995) ("As the name implies, a renewed motion for judgment as a matter of law under Fed.R.Civ.P. 50(b) is bounded by the movant's earlier Rule 50(a) motion."). The 2006 Amendments to the Federal Rules of Civil Procedure were intended to further buttress this requirement, and indicate that "because the Rule 50(b) motion is only a renewal of the pre-verdict motion, it can be granted only on grounds advanced in the pre-verdict motion." See Fed.R.Civ.P. 50 Advisory Committee's note, 2006 amendments.

Plaintiff presents one legal challenge and two evidentiary challenges in support of his position. First, he proffers Guaynaa Entertainment's negligence claim is barred by

Puerto Rico's economic loss doctrine because it arises exclusively from the same conduct and contract. Second, he argues the evidence presented at trial was legally insufficient for a reasonable jury to find that Plaintiff incurred in "dolo" to support the additional monetary award. Lastly, Plaintiff avers the Court allowed inadmissible hearsay in admitting Exhibit B/B-1 and an improper line of questioning concerning an alleged prior conviction Rolo had in Europe.

Plaintiff's oral Rule 50 motion, however, dealt solely with the breach of contract issue, and merely argued that Defendant failed to establish a *prima facie* case as to that particular claim. It did not include any of the new arguments Plaintiff asks the Court to consider now. Plaintiff justifies his previous inaction by stating that "Rule 50(a) does not require technical precision in stating the grounds of the motion." (Docket No. 114, p. 3). But the case Plaintiff cites for this proposition does not help him, insofar as the petitioner in that case specifically asserted the claim in the Rule 50(a) motion, but in a general fashion. González-Bermúdez v. Abbott Lab'ys P.R. Inc., 990 F.3d 37, 45 (1st Cir. 2021) ("Abbott indisputably filed a timely motion under Rule 50(a) at the close of the evidence and specifically asserted that there was no evidence to support the age discrimination claim").

In contrast, in the present case, Plaintiff failed to mention whatsoever in his Rule 50(a) oral motion any of the three (3) grounds now raised. At this juncture, the Court cannot entertain arguments that have not previously been brought before it. See Santos-Arrieta, 14 F.4th at 8-9 (scope of Rule 50(b) motion is confined to grounds raised in Rule 50(a) motion, so Rule 50(a) motion must be "sufficiently specific so as to apprise the district court of the grounds relied on in support of the motion."); Grajales v. Puerto Rico

Ports Auth., 922 F.Supp.2d 240, 243 (D.P.R. 2013) ("Judges are not mind-readers, so parties must spell out their issues clearly, highlighting the relevant facts and analyzing on-point authority."). Therefore, Plaintiff's request post-verdict must fail for failure to even mention these issues at the Rule 50(a) stage, much less preserve them.

If more were needed, Plaintiff also failed to offer any objections to the jury instructions and to the verdict form before the jury went to deliberate. In fact, both parties stipulated, on the record, to both the jury instructions and the verdict form. This situation militates heavily against Plaintiff's position, and his tardy challenge as to the economic loss doctrine also finds no favor on this record. Ratcliffe v. BRP U.S. Inc., Civil No. 20-00234-JAW, 2025 WL 1785033, at *14 (D. Me. June 27, 2025) (quoting Marcano-Rivera v. Pueblo Int'l, Inc., 232 F.3d 245, 253 n.4 (1st Cir. 2000)) (holding, on a motion for new trial, that "[i]n this Circuit, '[s]ilence after instructions, including instructions on the form of the verdict to be returned by the jury, typically constitutes a waiver of any objections'"); Putnam Resources v. Pateman, 958 F.2d 448, 456 (1st Cir. 1992). For these reasons, Plaintiff's challenge at this stage is late and unwarranted.

In view of the above, Plaintiff's "Motion for Judgment as a Matter of Law Under Federal Rule of Civil Procedure 50(b)" (Docket No. 114) is DENIED.

**B. Motion for a New Trial or Remittitur.**

1. Motion for a new trial.

Plaintiff also moves the Court for a new trial or in the alternative, a remittitur of the damages the jury awarded to Guaynaa Entertainment on at least two of the same grounds as the previous motion. Plaintiff argues that the inadmissible exhibit and the testimony as to his alleged prior conviction in Spain were highly prejudicial and

contributed to a miscarriage of justice which warrants a new trial. He also proffers that the jury's verdict was against the weight of the evidence, the damages were excessive and shock the conscience, and must therefore be remitted.

Under Rule 59, a court has discretion to grant a motion for a new trial "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed.R.Civ.P. 59(a). The Court of Appeals for the First Circuit ("First Circuit") has limited this exercise of discretion, however, indicating that a new trial may be warranted if "the verdict is against the weight of the evidence" or if "is required in order to prevent injustice." Jennings v. Jones, 587 F.3d 430, 436 (1st Cir. 2009). Simply because a different verdict may have been reached does not automatically create a basis for granting a new trial. See Freeman v. Package Mach. Co., 865 F.2d 1331, 1333-34 (1st Cir. 1988) ("If the weight of the evidence is not grotesquely lopsided, it is irrelevant that the judge, were he sitting jury-waived, would likely have found the other way"). Absent an obvious error of law, the Court should not set aside a verdict "unless it is quite clear that the jury has reached a seriously erroneous result" based on the evidence before it. Borrás v. Sea-Land Service, Inc., 586 F.2d 881, 887 (1st Cir. 1978).

Citing to Rodríguez-Valentín v. Doctors' Center Hospital (Manatí), Inc., 27 F.4th 14 (1st Cir. 2022), Plaintiff posits that the error in admitting Exhibit B/B1 was so great that it resulted in a manifest miscarriage of justice. Not only does this case not stand for this proposition[1], but this argument also suffers from the same infirmity discussed before, to wit, Plaintiff failed to offer any objection during the jury trial. A party who fails to raise

---

[1] In fact, in Rodriguez Valentín, the post-verdict motions requesting a new trial and/or remittitur were denied by the district court and later affirmed by the First Circuit.

an objection to the admissibility of evidence at the appropriate time during trial waives that objection later. See Rebarber-Ocasio v. Feliciano-Muñoz, Civil No. 16-02719-JAW, 2023 WL 8934371, at *20 (D.P.R. Dec. 27, 2023), aff'd, No. 24-1122, 2025 WL 1179774 (1st Cir. Apr. 23, 2023) (indicating that a "defendant who does not object to admission of evidence during trial waives objection and cannot raise it for the first time in [a] motion for new trial"); Reagan v. Brock, 628 F.2d 721, 723 (1st Cir. 1980). In any event, Defendant Santiago offered testimony on the stand as to the issue contained in Exhibit B/B1, which was not objected to by Plaintiff, so this exhibit only corroborated his testimony, thus making its admission harmless.

Turning on to Plaintiff's alleged Spain conviction, after several sidebars where the issue was discussed, counsel for Plaintiff ultimately did not object when his client was asked whether he pled guilty to fraud and falsification of documents in April of 2016 as part of a Ricky Martin concert in Tenerife, Spain. In fact, Plaintiff went into a lengthy explanation of how at the end of the process he "accepted responsibility" for the charges to save his client, he was fined 300 euros (a fine he stated was later eliminated) and that his record was clean. Contrary to Plaintiff's argument now that the testimony occurred "over Plaintiff's repeated and legitimate objections", at no time did counsel for Plaintiff object to this line of questioning, and to Plaintiff's lengthy explanation therefor, after the last sidebar ended.

Once again, failure to object to the testimony at the time it was offered dooms this claim. See Rebarber-Ocasio, 2023 WL 8934371, at *20; Freeman, 865 F.2d at 1336 ("We have long hewed to the idea that failure to make contemporaneous objection, absent

exceptional circumstances, forecloses a later challenge to the admissibility of evidence."); Allied Intl, Inc. v. Int'l Longshoremen's Ass'n, 814 F.2d 32, 39-40 (1st Cir. 1987).

Plaintiff's other argument is that the jury's verdict was contrary to the weight of the evidence. Plaintiff offers this assertion, however, assuming that Exhibit B/B1 and the testimony regarding the alleged charges in Spain should not have been considered. Since the Court has already found no error in admitting both the exhibits and the testimony, this argument is inapposite. Absent clear error, which the Court does not find here, deference is due to "the jury's constitutionally sanctioned role as finder of fact." Mayo v. Schooner Capital Corp., 825 F.2d 566, 570 (1st Cir. 1987).

Consequently, Plaintiff's "Motion for a New Trial" (Docket No. 115) is DENIED.

    2. Remittitur

In the alternative, Plaintiff seeks a remittitur of the $120,000.00 awarded by the jury to Guaynaa Entertainment, averring that it is traceable to the evidentiary error already discussed, unsupported by the record and excessive.

"A party seeking remittitur bears a heavy burden of showing that an award is grossly excessive, inordinate, shocking to the conscience of the court, or so high that it would be a denial of justice to permit it to stand." Correa-Carrillo v. Grupo HIMA San Pablo-Fajardo Inc., 594 F.Supp.3d 414, 429 (D.P.R. 2022).

The Court has already found that the evidence Plaintiff objects to now was properly admitted and Plaintiff brings nothing else in support of his position, so this claim is non-starter.

Regarding the award being unsupported by the record and excessive, the jury heard testimony from Defendant Santiago as to the following, among others: that Plaintiff

Case 3:22-cv-01296-CVR   Document 117   Filed 08/28/25   Page 9 of 10

Francisco Javier Rolo González v. Jean Carlos Santiago Pérez, et al.
Opinion and Order
Civil No. 22-1296 (CVR)
Page 9
_____

failed to market Guaynaa's product adequately and they were the last ones to start working after the pandemic; Colombia was a territory Guaynaa was never able to penetrate because Plaintiff failed to prepare a proper media plan; the song "Cumbia a mi Gente", which had been a big success in the United States and Mexico, was not reflected in Monitor Latino[2] in Argentina or in any other countries where Plaintiff was involved as a promoter; Plaintiff overbilled Guaynaa Entertainment for work done in Madrid, Spain; the amount of money spent to place the song "Cumbia a mi Gente" in the Colombia market differed from what was billed by Plaintiff to Guaynaa Entertainment; Plaintiff did not attack the markets from Guatemala to the southern cone with accuracy, and specific decisions were not made at the right time, which cost Guaynaa Entertainment thousands of dollars in losses.

The jurors heard this testimony in open court, which they were entitled to believe, while at the same time hearing Plaintiff's explanations for his actions and came to their own conclusions after assessing the credibility of the testimonies.  In so doing, the jury clearly found Plaintiff's position wanting.  See Tennant v. Peoria & P. U. Ry. Co., 321 U.S. 29, 35 (1944) (the jury "weighs the contradictory evidence and inferences, judges the credibility of witnesses, receives expert instructions, and draws the ultimate conclusion as to the facts.").  There is nothing unsupported by this record, or excessive and/or or conscience-shocking about the jury's award.

Thus, Plaintiff's petition for a remittitur is DENIED.

---

[2] "Monitor Latino" is the entity that monitors the placement of the songs on the charts in Latin America.

## CONCLUSION

For the foregoing reasons, Plaintiff's "Rule 50 (b) Motion for Judgment as a Matter of Law" and "Motion for New Trial Pursuant to Rule 59(a)(1) or, in the Alternative, for Remittitur" are DENIED. (Docket Nos. 114 and 115).

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 28th day of August 2025.

                                            S/CAMILLE L. VELEZ-RIVE
                                            CAMILLE L. VELEZ-RIVE
                                            UNITED STATES DISTRICT JUDGE